**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jerry Smith, | ) No. CV 07-0324-PHX-MHM (DKD) |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| Dora Schriro, et. al., | ) |
| Defendants. | ) |

Plaintiff Jerry Smith, a state prisoner incarcerated at the Arizona State Prison Complex in Safford, Arizona, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. The Court will dismiss the action with leave to amend.

**I.     Application to Proceed In Forma Pauperis & Filing Fee.**

Plaintiff filed an Application To Proceed In Forma Pauperis with his Complaint. By order filed on March 1, 2007 (Doc. #3), Plaintiff was directed to file an Inmate Trust Account statement. On March 14, 2007, Plaintiff submitted an inmate trust account statement attached to a second Motion To Proceed In Forma Pauperis (Doc. #4). The Court notes that Plaintiff's Motion is not on the court-approved form and is not in accordance with the local rules of practice. Accordingly, the Court will grant Plaintiff's Motion To Proceed In Forma Pauperis attached to the Complaint. The Motion To Proceed In Forma Pauperis filed on March 14, 2007 (Doc. #4) will be denied as moot.

**JDDL**

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of $350.00 for this action. An initial partial filing fee of $6.80 will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct that Plaintiff will be obligated for monthly payments of 20 percent of the preceding month's income credited to Plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Plaintiff should take notice that if he is released before the filing fee is paid in full, he must pay the remaining unpaid amount of the filing fee within 120 days of the date of her release. If Plaintiff fails to pay the remainder of the filing fee within 120 days of the date of his release, the action will be dismissed, unless Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing fee.

**II.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); 42 U.S.C. § 1997e(c). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 42 U.S.C. § 1997e(c)(2).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court is required to grant leave to amend "if a complaint can possibly be saved," but not if the Complaint "lacks merit entirely." Id. at 1129. A court therefore should grant leave to amend if the pleading could be cured by the allegation of other facts, or if it appears at all possible that the defect can be corrected. Id. at 1130. The Court should not, however, advise the litigant how to cure the defects. This type of advice "would undermine the district judges' role as impartial decisionmakers." Pliler v. Ford, 124 S. Ct. 2441, 2446 (2004); see also

1  Lopez, 203 F.3d at 1131 n.13 (declining to decide whether court was required to inform
2  litigant of deficiencies). Plaintiff's Complaint will be dismissed *with* leave to amend because
3  the Complaint may possibly be saved by amendment.

### III.    Complaint

Plaintiff sets forth the following Counts in his Complaint: **Count I:** Threat To Safety; Denial of Medical Care; Access to the Court's and Retaliation; **Count II:** Threat To Safety; Denial of Medical Care; Access to the Court's and Retaliation; **Count III:** Threat To Safety; Denial of Medical Care; Access to the Court's and Retaliation. Named as Defendants are: Dora Schriro; Co Baldwin; Sgt. Rayes; Lt. Kirkland; John Doe Kitchen Supervisor and John Doe Health Care.

### IV.    Compliance With Local Rule 3.5(a): Only One Claim Per Count

LRCIV 3.5(a) requires that all complaints by prisoners be in accordance with the instructions provided in the court-approved civil rights complaint form. Specifically, the instructions provide that plaintiff **"MAY ALLEGE THE VIOLATION OF ONLY ONE CIVIL RIGHTS CLAIM PER COUNT."** See Information and Instructions for a Prisoner Filing Civil Rights Complaint in the United States District Court for the District of Arizona Form, at 4 (emphasis in original); see also, Complaint form at 4, 5 and 6 ("if your claim involves more than one issue, each issue should be stated in a different count"). Plaintiff has failed to comply with this rule. Accordingly, the Complaint will be dismissed with leave to amend. **In any Amended Complaint, Plaintiff may allege only one civil rights violation per count.** If Plaintiff alleges more than three counts (the form provides space to allege three separate counts), Plaintiff must provide the necessary information about each additional count on separate pages.

### V.    Failure to Make Short, Plain Statement of Claims

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(e)(1) of the Federal Rules of Civil Procedure states that "[e]ach averment of a pleading shall be simple, concise, and direct." A complaint having the factual elements of a cause of

JDDL                                            - 3 -

1  action present but scattered throughout the Complaint and not organized into a "short and
2  plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a) of the Federal
3  Rules of Civil Procedure. McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996).

4  In order to assist litigants to understand the Rule 8 requirement that averments "be
5  simple, concise, and direct," Rule 84 of the Federal Rules of Civil Procedure provides for an
6  Appendix of Forms, "intended to indicate the simplicity and brevity of statement which the
7  rules contemplate." McHenry, 84 F.3d at 1177.

8  Plaintiff has not properly complied with Rule 8. Although the Court does not always
9  insist on technical compliance with the rules, particularly when litigants are *pro se*, the
10 difficulty caused by the lack of compliance is that the Court cannot determine which counts
11 are connected to which Defendants, nor can the Court determine what each Defendant has
12 done that has allegedly violated Plaintiff's rights. Further, it is difficult to tell whether
13 Plaintiff's allegations are background facts or are actually facts to support the count for
14 relief.

15 It is not the responsibility of the Court nor the Defendants to review a lengthy
16 narrative in an attempt to determine the number and nature of Plaintiff's claims. As a
17 practical matter, it would be impossible for the Defendants to draft an answer to the
18 Complaint in its present form. Accordingly, Plaintiff will be provided with an opportunity
19 to amend his Complaint.

20 In any Amended Complaint, Plaintiff must tell the Court (1) the constitutional right
21 Plaintiff believes was violated; (2) the name of the Defendant who violated that right;
22 (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that
23 Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what
24 specific injury Plaintiff suffered because of that Defendant's conduct. See Rizzo v. Goode,
25 423 U.S. 362, 371-72, 377 (1976). Plaintiff's failure to comply with these requirements will
26 result in the dismissal of this action.

27
28

JDDL

- 4 -

**VI.   Amendment**

The Clerk of Court will be directed to provide Plaintiff with a Court-approved form for filing a civil rights complaint. Plaintiff is advised that if he needs to attach additional pages to his amended complaint, he should write on only one side of each page.

Plaintiff is also advised that the amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Any amended complaint submitted by Plaintiff should be clearly designated as such on the face of the document.

An amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the original pleading is treated as nonexistent. Ferdik, 963 F.2d at 1262. Thus, causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VII.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) That Plaintiff's Application to Proceed *In Forma Pauperis*, attached to the Complaint, is **granted** pursuant to 28 U.S.C. § 1915(a)(1);

(2) That Plaintiff's Motion to Proceed *In Forma Pauperis* filed on March 14, 2007 (Doc. #4) is denied as moot;

(3) That Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $6.80 for this action. All fees shall be collected and paid in accordance with this Court's Order to the appropriate government agency filed concurrently herewith;

1    (4) The Complaint is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from
2 the date this Order is filed to file a first amended complaint in compliance with this Order.
3    (5)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court
4 must, without further notice, enter a judgment of dismissal of this action with prejudice that
5 states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).
6    (6)  That the Clerk of Court shall provide to Plaintiff a current court-approved form
7 for filing a civil rights complaint by a prisoner;
8    (7)  That at all times during the pendency of this action, Plaintiff shall immediately
9 advise the Court and the United States Marshal of any change of address and its effective
10 date.  Such notice shall be captioned "Notice of Change of Address."  The notice shall
11 contain only information pertaining to the change of address and its effective date.  The
12 notice shall not include any motions for any other relief.  Plaintiff shall serve a copy of the
13 Notice of Change of Address on all opposing parties.  Failure to file a Notice of Change of
14 Address may result in the dismissal of the action for failure to prosecute pursuant to Federal
15 Rule of Civil Procedure 41(b).
16    DATED this 23rd day of March, 2007.

_____
Mary H. Murgula
United States District Judge

JDDL

- 7 -

**Instructions for Prisoners Applying for Leave to Proceed *in Forma Pauperis*
Pursuant to 28 U.S.C. § 1915 in a Civil Action (Non-habeas) in Federal Court**

You must pay the full filing fee of $350.00 for a civil action. If you later file an appeal, you will be obligated to pay the $455.00 filing fee for the appeal.

If you have enough money to pay the full filing fee, you should send a cashier's check or money order payable to the Clerk of the Court with your complaint, petition, or notice of appeal.

If you do not have enough money to pay the full filing fee, you can file the action without prepaying the filing fee. However, the court will assess an initial partial filing fee. The initial partial filing fee will be the greater of 20% of the average monthly deposits or 20% of the average monthly balance in your prison or jail account for the six months immediately preceding the filing of the lawsuit. The court will order the agency that has custody of you to withdraw the initial partial filing fee from your prison or jail account as soon as funds are available and to forward the money to the court.

After the initial partial filing fee has been paid, you will owe the balance of the filing fee. Until the filing fee is paid in full, each month you will owe 20% of your preceding month's income. The agency that holds you in custody will collect that money and forward it to the court any time the amount in your account exceeds $10.00. The balance of the filing fee may be collected even if the action is later dismissed, summary judgment is granted against you, or you fail to prevail at trial.

To file an action without prepaying the filing fee, and to proceed with an action *in forma pauperis*, you must complete the attached form and return it to the court with your complaint. You must have a prison or jail official complete the certificate on the bottom of the form and attach a certified copy of your prison or jail account statement for the last six months. If you were incarcerated in a different institution during any part of the past six months, you must attach a certificate and a certified copy of your account statement from each institution at which you were confined. If you submit an incomplete form or do not submit a prison or jail account statement with the form, your request to proceed *in forma pauperis* will be denied.

Even if some or all of the filing fee has been paid, the court is required to dismiss your action if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief can be granted; or (4) your complaint makes a claim against a defendant for money damages and that defendant is immune from liability for money damages.

If you file more than three actions or appeals which are dismissed as frivolous or malicious or for failure to state a claim on which relief can be granted, you will be prohibited from filing any other action *in forma pauperis* unless you are in imminent danger of serious physical injury.

Revised 4/9/06

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

_____,  )  CASE NO. _____
                    Plaintiff,    )
                                  )
          vs.                     )     APPLICATION TO PROCEED
                                  )     *IN FORMA PAUPERIS*
_____,  )     BY A PRISONER
                    Defendant(s). )     CIVIL (NON-HABEAS)
                                  )

   I, _____, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

   In support of this application, I answer the following questions under penalty of perjury:

1. Have you ever before brought an action or appeal in a federal court while you were incarcerated or detained?
   ☐Yes  ☐No  If "Yes," how many have you filed? _____.
   Were any of the actions or appeals dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted?   ☐Yes  ☐No  If "Yes," how many of them? _____.

2. Are you currently employed at the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the amount of your pay and where you work. _____
   _____

3. Do you receive any other payments from the institution where you are confined?   ☐Yes   ☐No
   If "Yes," state the source and amount of the payments. _____
   _____

4.  Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No
    If "Yes," state the sources and amounts of the income, savings, or assets. _____
    _____
    _____

    I declare under penalty of perjury that the above information is true and correct.

    _____                _____
    DATE                                  SIGNATURE OF APPLICANT

---

### CONSENT TO COLLECTION OF FEES FROM TRUST ACCOUNT

I, _____, hereby consent to having the designated correctional officials at this institution release to the Court my trust account information. I further consent to having the designated correctional officials at this institution withdraw from my trust account the funds required to comply with the order of this Court for the payment of filing fees in accordance with 28 U.S.C. § 1915(b).

My consent includes withdrawal from my account by correctional officials of partial initial payments to this Court equal to 20% of the greater of:

(A) the average monthly deposits to my account for the six-month period preceding my filing of this action, or

(B) the average monthly balance in my account for the six-month period preceding my filing of this action.

My consent also includes monthly withdrawals from my account by correctional officials of an amount equal to 20% of each month's income. Whenever the amount in my account reaches $10.00, correctional officials will withdraw that amount and forward it to the Court until the required filing fee is paid in full. I understand that I am liable for paying the entire fee, even if my case is dismissed by the Court before the fee is fully paid.

_____                _____
DATE                                  SIGNATURE OF APPLICANT

---

### CERTIFICATE OF CORRECTIONAL OFFICIAL
### AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, _____, certify that as of the date applicant signed this application:
      (Printed name of official)

The applicant's trust account balance at this institution is: $_____
The applicant's average monthly deposits during the prior six months is: $_____
The applicant's average monthly balance during the prior six months is: $_____
The attached certified account statement accurately reflects the status of the applicant's account.

_____
DATE        AUTHORIZED SIGNATURE        TITLE/ID NUMBER        INSTITUTION

Revised 4/9/06                                2